IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIA ATX, LLC, | § | |
| Appellant, | § § § | |
| v. | § § | 1:23-CV-654-RP |
| RANDOLPH N. OSHEROW, Chapter 7 Trustee, | § § § § | |
| Appellee. | § § | |

**ORDER**

On June 8, 2023, a bankruptcy appeal was transmitted to the Court in the above-captioned case. (Dkt. 1). On August 17, 2023, Appellee Randolph N. Osherow ("Appellee") filed a Notice of Briefing Default and Motion to Dismiss Appeal. (Dkt. 4). To date, Appellant NIA ATX, LLC ("Appellant") has taken no action to advance this litigation, contrary to the Federal Rules of Bankruptcy Procedure.

An appellant in a bankruptcy appeal "must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted." Fed. R. Bankr. P. 8018(a)(1). "If an appellant fails to file a brief on time . . . an appellee may move to dismiss the appeal." Fed. R. Bankr. P. 8018(a)(4). Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). "Bankruptcy appeals have frequently been dismissed for the appellant's failure to comply with the duty of diligent prosecution." *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985).

Given that this appeal has been pending for over four months, during which period Appellant has taken no action to advance this litigation, the Court finds that there is a clear record of delay that would justify dismissing this action for want of prosecution.

Accordingly, **IT IS ORDERED** that this action is **DISMISSED**.

**SIGNED** on October 23, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE